UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTO R. GONZALES, ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | |
| JOHN DUNKLE, | : : | No. 07- _____ |
| Defendant. | : | |

**VERIFIED COMPLAINT FOR
<u>PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF</u>**

Alberto R. Gonzales, Attorney General of the United States of America (the "United States Attorney General"), by the undersigned attorneys, asserts a civil cause of action under the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994), enacted into law May 26, 1994, as follows:

1. In bringing this action, the United States Attorney General has reasonable cause to believe: (1) Defendant, John Dunkle, has committed, and is likely to continue to commit, violations of FACE; and (2) various persons are being, have been, and will continue to be injured by Defendant's conduct.

**<u>JURISDICTION, STANDING, AND VENUE</u>**

2. This Court has jurisdiction over this action pursuant to FACE, 18 U.S.C. § 248(c)(2), and 28 U.S.C. § 1345.

3. The United States Attorney General has standing to bring this action pursuant to FACE, 18 U.S.C. § 248(c)(2).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), in that Defendant resides in this judicial district, and all the events giving rise to this complaint occurred in this judicial district.

**DEFENDANT**

5. Defendant, John Dunkle, has described himself as an "anti-abortionist" and has actively engaged in anti-abortion activities since the early 1970s; he is a suspected member of the so-called "Army of God," a network of anti-abortion activists that advocate violence against reproductive health clinics and staff; he is a frequent contributor to the "Army of God" internet webpage, posting an online newsletter and accompanying internet webblog that encourages the "use of force" against reproductive health clinics and clinic physicians and staff; he has frequent contacts with various reproductive health clinics, clinic physicians and staff, as well as clinic patients and their companions, in connection with the clinics' work involving reproductive health services, including services relating to pregnancy and pregnancy termination.

6. On information and belief, Defendant resides at 214 Meadow Glen Lane in Reading, Pennsylvania 19607-9423. Defendant maintains several other known addresses including, 204 South 4th Street, Reading, Pennsylvania 19602, and P.O. Box 7424, Reading, Pennsylvania 19603 (the address of his newsletter,

"Stop the Killing of Young People" or "SKYP"). According to SKYP, Defendant maintains e-mail addresses at jdmd@ptd.net and johndunk@ptd.net.

### FACTUAL BACKGROUND

#### Defendant's general anti-abortion activities

7. Defendant's anti-abortion activities and efforts include, inter alia, the publication and dissemination of various written materials circulated in both paper and electronic form, including a monthly newsletter, an internet webpage (http://www.armyofgod.com/POCNewletterJohnDunkle.html), and an internet webblog (http://skyp1.blogspot.com).

8. Defendant's anti-abortion activities and efforts also frequently include activities that directly target specific individuals who provide reproductive health services to women residing in the Philadelphia, Allentown, Reading, and West Chester, Pennsylvania areas.

9. Since at least 1994, Defendant's anti-abortion activities and efforts have been an ongoing, continuous, and consistent pattern of conduct including, but not limited to, incidents such as the following:

> a. encouraging readers of his publications to use deadly force against specifically identified reproductive health clinic physicians and staff, providing instruction

      on how to employ deadly force tactics;

b. provoking physical and verbal confrontations with reproductive health clinic physicians, staff, and patients at various clinics;

c. publishing internet postings containing photographs and the home addresses of reproductive health clinic physicians and staff;

d. threatening to publish internet postings containing photographs of reproductive health clinic patients and their vehicle license plates;

e. confronting reproductive health clinic physicians and staff at their homes, warning the physicians and staff to abandon their careers in reproductive health services;

f. appearing at the homes of friends and neighbors of reproductive health clinic physicians and staff to "pray" for the physicians and staff to abandon their careers in reproductive health services;

g. standing outside various reproductive health clinics demanding to speak to the individual(s) "in charge";

h. mailing letters directly to the residences of

- 4 -

>reproductive health clinic physicians and staff, threatening to appear in the neighborhoods of the physicians and staff to "pray" until the physicians and staff "get out of the baby-killing business"; and
>
>i. distributing pamphlets to the residential neighbors of various reproductive health clinic physicians and staff, identifying the physician and staff by name, address, and occupation, and stating that their neighbor is in "the baby-killing business."

10. Defendant intended to force reproductive health clinic physicians and staff targeted in his anti-abortion activities and efforts to fear for their lives and cease providing reproductive health services.

### Defendant's actionable threats

11. Defendant targeted, placed in danger, and threatened a specifically identifiable female reproductive health clinic physician, formerly employed at the Philadelphia Women's Center. The targeted individual ceased providing reproductive health services in fear of the Defendant's threats to her life.

12. Defendant explicitly encouraged his readers to kill the targeted individual by shooting her in the head.

13. Defendant published the targeted individual's name, photograph, and home address on his internet webpage and webblog.

14. Defendant published instructions regarding the specific means to kill the targeted individual, as well as how to escape detection upon the commission of her murder.

15. Defendant's internet publication states in relevant part:

> To kill someone in self-defense is not a sin if that level of violence was needed to repel the attack. <u>I further this by saying the babies' self defense is all of us standing in their place to stab, shoot, beat, burn, or kill the aggressors all the time</u>. . . .
>
> I am bringing you some of the hidden faces of baby murderers that the law protects. Here's [full name of the provider] hiding under a hood with sunglasses on (picture included). She wears a vest, probably. <u>While it does not sound good to say go shoot her between the eyes, it sounds even worse to say let her alone</u>; she has a right to do abortions and kill a hundred babies a week. This pig has murdered over 24,000 babies to my belief. <u>So I am telling you it's much better that someone put a piece of lead in her brain so she will be known as an unviable fetus who was a product of her own belief system</u>. Go rent a car and take the license plate off[;] wear gloves and don't let anyone notice you or tell anyone. I have given you her address. When people look around and say I heard or saw this they won't know for sure nor will they be able to have the correct information to come back to you. Make sure you're not being followed either. Stay away from hidden cameras also. Look to see if there are motion and smoke detectors at residences. Surveillance cameras are at death camps and all over – parking lots, streets, hospitals, and buildings.

http://skyp1.blogspot.com/2006_07_01_archive.html (excerpts from

Defendant's webpage at pages 8 and 9) (emphasis added).  This message continues to appear on Defendant's internet webpage and webblog.

16.  Postings on Defendant's internet webpage and webblog dating back to May 2005 identify the same targeted individual and reflect similar language.  For example, one posting claims that the same targeted individual referenced in paragraph 15 hereof "looks as if she won't run, though, and won't stop killing either.  Once one of these former Mds gets a taste of blood, and the money that goes with it, she or he is almost impossible to stop – <u>short of a bullet</u>." http://skyp1.blogspot.com/2005_04_01_archive.html.

17.  Defendant's conduct as averred in paragraphs 11-16 hereof constitutes a threat of death or serious bodily injury to the targeted individual reproductive health clinic physician.

18.  Defendant's conduct as averred in paragraphs 11-16 hereof has intimidated, and continues to intimidate, the targeted reproductive health clinic physician, and interferes with her ability to provide reproductive health services.

19.  On information and belief, Defendant engaged in the conduct averred in paragraphs 11-16 with intent to injure and/or intimidate the targeted reproductive health clinic physician, and to interfere with her ability to provide reproductive health services.

## **CAUSE OF ACTION UNDER 18 U.S.C. § 248**

20. The United States incorporates herein the averments of paragraphs 1 through 20 hereof.

21. Defendant's anti-abortion activities and efforts as described in paragraphs 11-16 hereof are threats designed to injure and intimidate, and have injured and intimidated, individual(s) who provide reproductive health services, as well as their staff and patient(s) and other person(s) or classes of persons, who are being prevented from providing or obtaining reproductive health services.

22. Defendant, by his threats of force as described in paragraphs 11-16 hereof, has intentionally injured, intimidated and interfered with, and has attempted intentionally to injure, intimidate and interfere with reproductive health clinic physician(s), staff, patient(s) and their companion(s) who are or have been obtaining or providing reproductive health services.

23. Defendant's actions averred in paragraphs 11-16 hereof constitute violations of 18 U.S.C. § 248 in that they constitute the threat of force to injure, intimidate and interfere with a person providing reproductive health services.

24. Specifically, Defendant's actions averred in paragraphs 11-16 constitute a threat within the meaning of FACE, as it is the dissemination of information "which, in the entire context and under all the circumstances, a reasonable person would foresee would be interpreted by those to whom the

[information] is communicated as a serious expression of intent to inflict bodily harm upon that person." <u>Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists</u>, 290 F.3d 1058, 1077 (9th Cir. 2002).

25. On information and belief, unless Defendant is restrained by this Court, Defendant will continue to engage in the illegal conduct and practices averred herein.

26. The United States Attorney General is authorized under 18 U.S.C. § 248(c)(2)(B) to seek and obtain temporary, preliminary, and/or permanent injunctive relief from this Court for Defendant's violation of FACE.

27. The United States Attorney General seeks a preliminary and permanent injunction enjoining Defendant and any and all of his representatives, officers, agents, servants, employees and attorneys, and those persons acting in concert with him, from violating, aiding, abetting, directing or inciting others to violate, the provisions of FACE by using force and threat of force intentionally to injure, intimidate and interfere with, or to attempt intentionally to injure, intimidate and interfere with any person or any class of persons from obtaining or providing reproductive health services.

WHEREFORE, the United States Attorney General respectfully requests judgment in his favor and against Defendant, John Dunkle, in the form of:

    A.    An order prohibiting Defendant, John Dunkle, and his representatives, agents, employees and any others acting in concert or participation with him, from publishing, either orally or in writing, on paper or in electronic format, in whole or in substantial part, the message appearing on his internet webpage and webblog as set forth in paragraphs 15 and 16 hereof or from publishing, either orally or in writing, on paper or in electronic format, equivalent messages that contain the names, addresses, or photographs of reproductive health services physicians, staff, or patients with the intent to threaten the physicians, staff, or patients -- or any other person or any class of persons -- thus preventing them from obtaining or providing reproductive health services;

B.   An order granting the costs to the United States Attorney General.

                    Respectfully submitted,

/s/ Patrick L. Meehan
Patrick L. Meehan
United States Attorney

/s/ Virginia A. Gibson
Virginia A. Gibson
Assistant United States Attorney
Chief, Civil Division

/s/ Annetta Foster Givhan
Annetta Foster Givhan
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA   19106
(215) 861-8319

Attorneys for the Attorney General
of the United States of America

## DECLARATION OF MARY BLANKS

I, Mary Blanks, M.D., declare that I am a physician formerly rendering reproductive health care services at Planned Parenthood of Reading, Pennsylvania and the Philadelphia Women's Center; I ceased providing such services out of fear of John Dunkle's threats to my life; and the facts set forth in paragraphs 11 through 16 of the Verified Complaint for Preliminary and Permanent Injunctive Relief are true and correct. This declaration is made under penalty of perjury pursuant to 28 U.S.C. § 1746. Executed this 13 day of August, 2007

_____
Mary Blanks, M.D.

2007 AUG 15 P 12: 20
US ATTORNEYS OF PA
US DEPT OF JUSTICE

## DECLARATION OF JENNIFER BOULANGER

I, Jennifer Boulanger, declare that I am the Director of the Allentown Women's Center located in Allentown, Pennsylvania; John Dunkle has approached me, members of the staff of the Allentown Women's Center and my residential neighbors in connection with his anti-abortion activities; and the facts set forth in paragraphs 7 through 10 of the Verified Complaint for Preliminary and Permanent Injunctive Relief are true and correct. This declaration is made under penalty of perjury pursuant to 28 U.S.C. § 1746. Executed this 13 day of August, 2007

Jennifer Boulanger, Director
Allentown Women's Center